IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | |
|---|---|
| TURNING POINT USA AT SUNY CORTLAND; GABRIELLA DELORENZO; AND MEGAN ROTHMUND,<br><br>*Plaintiffs*,<br><br>v.<br><br>CORTLAND COLLEGE STUDENT ASSOCIATION; ERIK BITTERBAUM, in his personal and official capacities as SUNY Cortland President; AND NIKOLAY KARKOV, in his personal and official capacities as SUNY Cortland professor,<br><br>*Defendants.* | Case No. 5:24-cv-00253-MAD-ML<br><br>ORAL ARGUMENT REQUESTED<br><br>EXPEDITED HEARING REQUESTED |

**PLAINTIFFS' NOTICE OF MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING AND MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED HEARING**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs respectfully move this Court for a preliminary injunction against Defendants Cortland College Student Association (Student Government) and SUNY Cortland President Erik Bitterbaum. Defendants are currently violating the First Amendment to the United States Constitution.

On November 28, 2023, Defendant Student Government withheld recognized student organization status from Plaintiff Turning Point USA at SUNY Cortland (TPUSA). That day, Defendant Student Government's Student Senate voted to withhold recognition after numerous Student Senators and SUNY Cortland Professor Defendant Nikolay Karkov questioned Plaintiffs' views for 100 minutes and demeaned those views as racist and anti-"queer." On December 4, Defendant Bitterbaum also withheld recognition. Defendants did so pursuant to their *Nonrecognition Policy* which governs access to their student organization forum. The

1

*Nonrecognition Policy* provides, "The Student Senate will vote whether or not they support the establishment of the new club."

Defendants' action and policies discriminate based on viewpoint in violation of the First Amendment. Defendants Student Government and Bitterbaum withheld recognition because of the views they ascribed to Plaintiffs. And their *Policy* requires majoritarian consent to receive recognition with no neutral, objective, and definite criteria governing that exercise of consent. Defendants' action and policies are causing ongoing irreparable injury by depriving Plaintiffs access to the student organization forum.

Therefore, Plaintiffs respectfully move this Court for a preliminary injunction pending final case disposition. Specifically, Plaintiffs move this Court for a preliminary injunction against Defendants Student Government and Bitterbaum, their agents, officials, servants, employees, and any other persons acting on their behalf:

1. Ordering Defendants to grant Plaintiff TPUSA recognized student organization status; and

2. Enjoining Defendants from enforcing facially and as applied the provision of their *Nonrecognition Policy* requiring, "The Student Senate will vote whether or not they support the establishment of the new club."

Plaintiffs respectfully move this Court to waive the security requirement under Federal Rule of Civil Procedure 65(c). The "bond is only intended to afford security for damages that might be proximately caused by the wrongful issuance of an injunction." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012) (cleaned up). When "there has been no proof of likelihood of harm" from the issuance of the injunction—as in cases alleging constitutional violations—courts properly waive the requirement. *Id.* (collecting cases). Here, Defendants will suffer no damages from a

preliminary injunction. The injunction would simply prevent them from infringing Plaintiffs' speech rights.

In support of this motion, Plaintiffs rely on the attached memorandum of points and authorities and their Verified Complaint and exhibits thereto. Pursuant to Local Rule 7.1(b)(5), Plaintiffs request expedited oral argument because of the ongoing deprivation of First Amendment rights and the need for speedy relief. Attorney Mathew W. Hoffmann plans to argue the motion.

Respectfully submitted this 23rd day of February, 2024.

Michael G. McCartin
N.D.N.Y. Bar No. 511158
MICHAEL G. MCCARTIN LAW PLLC
38 Mall Way #513
West Sand Lake, NY 12196
Telephone: (518) 953-3333
mccartinlaw@gmail.com

*/s/ Mathew W. Hoffmann*
Tyson C. Langhofer
N.D.N.Y. Bar No. 702027
Mathew W. Hoffmann
N.D.N.Y. Bar No. 704728
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
tlanghofer@ADFlegal.org
mhoffmann@ADFlegal.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 23, 2024, I filed the foregoing and will serve the same on these parties:

Cortland College Student Association
Corey Union, Room 217
103 Prospect Terrace
Cortland, NY 13045

Erik Bitterbaum
22 Graham Ave
Miller Building, Room 408
Cortland, NY, 13045

Nikolay Karkov
Old Main, Room 138
Gerhart Dr.
Cortland, NY 13045

Dated: February 23, 2024                  /s/ *Mathew W. Hoffmann*
                                                     Counsel for Plaintiffs