

**Aaron Saykin**
Partner
Direct Dial: 716.848.1345
Direct Facsimile: 716.961.7933
*ASaykin@hodgsonruss.com*

March 29, 2024

*Via CM/ECF*

Hon. Mae A. D'Agostino
U.S. District Judge
Northern District of New York
PO Box 7367
Syracuse, New York 13261

Dear Judge D'Agostino:

      Re:   *Turning Point USA at SUNY Cortland, et al. v. Cortland College Student Association, et al.*, Case No. 5:24-cv-00253-MAD-ML

      We represent Defendant Cortland College Student Association ("SA") and write to request a pre-motion conference pursuant to Section 2.A.i of Your Honor's Individual Rules and Practices to address SA's anticipated motion under Federal Rule of Civil Procedure 12(b).

      Plaintiff Turning Point USA at SUNY Cortland ("Turning Point") is a student organization, and the individual Plaintiffs are two of its student officers. Plaintiffs filed their Complaint on February 21, 2024, alleging Defendants violated their First and Fourteenth Amendment rights when the SA Student Senate voted on November 28, 2023 to deny Turning Point's application for student club recognition based on Turning Point's viewpoints. *See* **Exhibit 1**. Plaintiffs also allege SA's club recognition policy was unconstitutional because it gave the Student Senate the ability to vote on recognition without specific criteria. On March 4, 2024, SA's Review Committee, per its Bylaws, overturned the Student Senate's vote and granted Turning Point official recognition *as of November 28, 2023*, including all rights and benefits

Hon. Mae A. D'Agostino
March 29, 2024
Page 2



associated with such status. The following night, the Student Senate voted to revise the club recognition policy, eliminating the Student Senate vote. Instead, the SA Review Committee—which had already been responsible for performing the initial review and approval of club recognition applications—now makes the final determination, and it does so based on specific criteria which also prohibit the consideration of an applicant's viewpoint(s). *See* **Exhibit 2**. But for a request for nominal damages, this case is now moot.

SA intends to move to dismiss the Complaint under Rule 12(b)(1) for lack of standing, namely, that Plaintiffs have not been harmed by any alleged constitutional violation, given the events of March 4-5, 2024. The Court's jurisdiction is limited to "cases" or "controversies." U.S. Const, Art. III §2. To establish the Article III standing, a plaintiff must demonstrate: (1) an "injury in fact," (2) a "causal connection between that injury and the conduct complained of," and (3) a likelihood (as opposed to mere speculation) "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations omitted). An injury in fact requires an "invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. "[A] generalized grievance against allegedly illegal governmental conduct" is insufficient to establish standing. *United States v. Hays*, 515 U.S. 737, 743 (1995).

Plaintiffs have already been provided the relief sought in their motion for a preliminary injunction, which they withdrew as moot. The Complaint does not allege or identify any actual harm or injury in fact, particularly considering the votes taken on March 4-5, 2024. Plaintiffs have now received all benefits that Turning Point would have been entitled to had it

Hon. Mae A. D'Agostino
March 29, 2024
Page 3

been recognized by the Student Senate in the first instance, and Plaintiffs do not allege in the Complaint that they were denied any such benefits in the interim. *See Ford v. Reynolds*, 167 F.App'x 248, 250 (2d Cir. 2006) (affirming dismissal of students' claims due to lack of standing because students could not identify an injury they suffered where, despite university's initial ban of their event, students' event occurred as planned, albeit with a slight delay). There is no concrete and particularized injury, or any injury at all.

Inasmuch as Plaintiffs claim some unspecified harm, any such harm was not caused by SA's actions. Plaintiffs failed to avail themselves of the opportunity to seek an override of the Student Senate's November 28, 2023 denial vote. Section 1.03 of SA's Bylaws vests the Review Committee with the power to override such decisions and policies of the Student Senate upon request. Plaintiffs never made such a request; instead, the Review Committee—which had preliminarily approved Turning Point's application prior to the Student Senate vote—deemed the filing of this action to be such a request and overrode the Student Senate vote.

SA respectfully requests a pre-motion conference regarding its anticipated motion.

Respectfully submitted,

Aaron Saykin (admitted *pro hac vice*)

CC: All counsel of record (via CM/ECF)

17200477v2