

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

March 8, 2024

<u>Via ECF</u>
Honorable Mae A. D'Agostino
United States District Court
James T. Foley - U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207-2924

    Re:    *Turning Point USA at SUNY Cortland, et al. v. Cortland College Student Association, et al.,* 24-cv-253 (MAD/ML)

Dear Judge D'Agostino:

    This Office represents Defendants Erik Bitterbaum, President of State University of New York at Cortland ("Cortland"), and Cortland Professor Nikoaly Karkov (together "SUNY Defendants") in connection with the above-refenced matter. I write pursuant to Your Honor's Individual Rules and Practices to outline the arguments that SUNY Defendants intend to raise in their motion to dismiss Plaintiffs' claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and to request a pre-motion conference.

<u>Factual Background</u>

    Plaintiffs, Cortland students Gabriella Delorenzo and Megan Rothmund, submitted an application to the Cortland Student Government Association ("SGA") to have Plaintiff Turning Point USA at SUNY Cortland ("Turning Point") recognized as a student organization at Cortland. ECF. No. 1 ("Compl."). Plaintiffs satisfied the objective criteria set forth in SGA Policy "Establishing a New Club," ECF No. 1-5 ('Policy") and, on November 8, 2023, the SGA Review Committee ("Committee") recommended that Plaintiffs' application be approved. At

that time, the Policy and section 5.01 of the SGA Bylaws ("Bylaws") required that applications for student organization recognition be approved by both the Committee and a vote of the Cortland Student Senate ("Senate"). Prior to the full Senate vote, Plaintiffs responded to questioning by members of the Senate, as well as Defendant Professor Karkov. The Student Senate voted to reject the application on November 28, 2023.

Section 1.03 of the Bylaws permitted students whose applications for student organization recognition were rejected, such as Plaintiffs, to seek an override of the Senate vote by the Committee. Plaintiffs did not do so. Instead, they had a meeting with President Bitterbaum, who advised Plaintiffs that he has no authority to override a vote of the Senate. Plaintiffs then commenced this action alleging that the provisions of the Policy and Bylaws violated Plaintiffs' First Amendment rights.

On March 4, 2024, the Committee overrode the vote of the Senate and Plaintiff's application was approved. In addition, on March 5, 2024, the Senate voted to amend the Policy and Bylaws to remove the requirement that the Senate vote to approve an application. As a result, applications shall be approved upon the Committee's determination that an applicant satisfies the objective criteria set forth in the Policy.

<u>Plaintiffs' Claims</u>

As a result of the approval of Plaintiff's application and the amendment of the Policy and Bylaws, Plaintiff's claim that the Senate is granted unfettered ability to reject an application is moot. Additionally, Plaintiffs are not harmed by any other provision of the Policy or Bylaws and therefore are not entitled to any injunctive relief.

Notwithstanding that the Policy includes eight objective criteria to guide the Committee's consideration of applications, Plaintiffs continue to allege that the Committee's consideration is unfettered, and challenge five of the criteria – all of which Plaintiffs satisfied – arguing that they

Hon. Mae D'Agostino
March 29, 2024
Page 3

violate the First Amendment and are unconstitutionally vague.  Compl., p. 29, ¶¶ 163, 178, 226.  They also seek an injunction "enjoining Defendant Karkov from acting with Student Senators to withhold recognition from" Plaintiffs.  *Id*.   Plaintiffs' challenges to provisions of the Policy that have not harmed Plaintiffs will not withstand a motion to dismiss.

<u>The Complaint Fails to State a Claim Against Professor Karkov</u>

Plaintiffs' claims against Professor Karkov are limited to allegations that he made statements about Plaintiffs during the November 28, 2023 Senate session when a student senator yielded their time to Professor Karkov.  Compl., ¶ 97.  Professor Karkov was not personally involved in any alleged violation of Plaintiff's constitutional rights:  he is not a member of SGA, did not, and could not, vote on Plaintiffs' application, and had no role in development or enforcement of the Policy or Bylaws.  Plaintiffs seek to punish and enjoin Professor Karkov's public speech, and their claims against him will not withstand a motion to dismiss.[1]

<u>The Complaint Fails to State a Claim Against President Bitterbaum</u>

Instead of seeking immediate available relief from the Committee, Plaintiffs met with President Bitterbaum seeking relief from him that he lacked the authority to provide.  Compl. ¶¶ 128-135.  Now, Plaintiffs use alleged statements by President Bitterbaum as the basis for their claims against him.  Compl., ¶¶ 128, 130.  As the Complaint fails to allege President Bitterbaum's personal involvement in any alleged violation of Plaintiffs' constitutional rights, Plaintiffs' claims against him will not withstand a motion to dismiss.

Accordingly, SUNY Defendants respectfully request that the Court schedule a pre-motion conference in advance of SUNY Defendants filing a motion to dismiss.

---

[1] Plaintiffs' claims against Professor Karkov may also be subject to an Anti-SLAAP defense/counterclaim.

Hon. Mae D'Agostino
March 29, 2024
Page 4

      Respectfully submitted,

      *s/ Adrienne J. Kerwin*
      Adrienne J. Kerwin
      Assistant Attorney General
      Bar Roll No. 105154
      Adrienne.Kerwin@ag.ny.gov

cc (via ECF):   All counsel of record