UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TURNING POINT USA AT SUNY CORTLAND; GABRIELLA DELORENZO; AND MEGAN ROTHMUND,<br><br>*Plaintiffs*,<br><br>-against-<br><br>CORTLAND COLLEGE STUDENT ASSOCIATION; ERIK BITTERBAUM, in his personal and official capacities as SUNY Cortland President; AND NIKOLAY KARKOV, in his personal and official capacities as SUNY Cortland professor,<br><br>*Defendants*. | STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL<br><br>24-cv-0253<br>MAD/ML |

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Agreement") is made by and between Plaintiffs Turning Point USA at SUNY Cortland, Gabriella Delorenzo, and Megan Rothmund (collectively "Plaintiffs") and Defendants Cortland College Student Association and Erik Bitterbaum in his individual and official capacities (together "Defendants"). All Plaintiffs and Defendants so identified are referred to herein as "the Parties."

A.   Plaintiffs filed a lawsuit against Defendants captioned, *Turning Point USA at SUNY Cortland v. Cortland College Student Association*, in the Northern District of New York, Case No. 5:24-cv-00253-MAD-ML (the "Litigation").

B.   The Parties to this Agreement wish to resolve all claims the Parties have against each other related to the events alleged in the Litigation.

C.   No party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the Litigation.

NOW THEREFORE, in consideration of the foregoing and the terms and conditions contained in this Agreement, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties, the Parties agree, and the Court orders, as follows:

1.     **Dismissal of the Action with Prejudice.** The Litigation and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Agreement.

2.     **Payments to Plaintiffs and Plaintiffs' Attorneys.** For and in consideration of Plaintiffs' execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Litigation with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay Plaintiffs $42,000 in full settlement of all claims, including any for costs and attorney's fees. Payment shall be made in two checks as follows:

   a.     **Check # 1**. Defendant Cortland College Student Association shall pay the gross sum of $27,000 in full and complete satisfaction of any and all claims, including any for costs and attorneys' fees. This check shall be made payable to "Alliance Defending Freedom (IOLTA)" and mailed to 15100 N. 90th Street, Scottsdale, Arizona 85260.

   b.     **Check # 2**. The State of New York, on behalf of Defendant Bitterbaum, shall pay the gross sum of $15,000 in full and complete satisfaction of any and all claims, including any for costs and attorneys' fees. This check shall be made payable to "Alliance Defending Freedom" and mailed to 15100 N. 90th Street, Scottsdale, Arizona 85260.

3.     **State Approval of Payments.** Payment of the amount(s) specified in Paragraph

2(b) of this Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiffs and Plaintiffs' attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but limited to, Plaintiffs' Affirmation of Medicare Status as set forth in Paragraph 7 of this Agreement. This stipulation shall be null and void as between Plaintiffs and Erik Bitterbaum if such approval is not obtained, and this action shall then be placed back on the active docket without prejudice as to Plaintiffs' claims against Erik Bitterbaum.

4. **Accrual of Interest.** In the event that payment of the amounts specified in Paragraph 2(b) of this Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, together with all other documentation required under Paragraphs 3 and 7 of this Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under Paragraphs 3 and 7 of this Agreement.

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiffs and Plaintiffs' attorneys, and that Plaintiffs and Plaintiffs' attorneys shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns,

whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **<u>Responsibility for Liens and Setoffs.</u>** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiffs and Plaintiffs' attorneys, and that Plaintiffs and Plaintiffs' attorneys shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or

recoupments.

7. **Medicare Certification.** Plaintiffs Gabriella Delorenzo, and Megan Rothmund represent and warrant that they are not currently a Medicare recipient and/or Medicare eligible, have never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on their behalf by Medicare, and further that they do not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Agreement. Plaintiffs Gabriella Delorenzo, and Megan Rothmund each agree to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the Office of the Attorney General. Plaintiffs acknowledge and understand that receipt of fully executed Medicare Affirmations by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amounts referenced in Paragraph 2(b) herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, 4, and 8 of this Agreement. The Office of the Attorney General will treat the fully executed Medicare Affirmations as confidential and will not disclose the information contained therein except as is necessary to verify Plaintiffs' Medicare status.

8. **Responsibility for Medicare Payments or Medicare Liens.** Plaintiffs agree to defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Litigation. If such conditional or future anticipated Medicare payments have not been satisfied, Defendants and the

State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in Paragraph 2(b) of this Agreement. Upon receipt of all required documentation under Paragraphs 3, 4, and 8, payment of the settlement amounts specified in Paragraph 2(b) of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9. **General Release.** In consideration of the actions specified in Paragraphs 1 and 2, the Parties hereby fully release, acquit, and forever discharge any and all claims, liabilities, causes of action, damages, costs, attorney's fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that they may now have, have ever had, or hereafter may have against each other or the State of New York and their agents, assigns, attorneys, and employees which both (i) relate directly or indirectly to the allegations set forth in the Litigation and (ii) arise from actions taken prior to the execution date of this Agreement.

10. **No Other Action or Proceeding.** Other than the Litigation, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against Defendants, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Agreement.

11. **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiffs do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Litigation

pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **No Other Attorneys.** Plaintiffs represent and warrant that, besides the undersigned attorneys for Plaintiffs, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **No Prevailing Party.** Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Litigation.

14. **No Admission of Liability or Precedential Value.** The Parties agree that no provision of this Agreement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the Litigation. This Agreement does not constitute a determination of, or admission by, any party to any underlying allegations, facts or merits of their respective positions. The settlement of the Litigation is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form, and shall not be claimed as, any precedent for, or an agreement by, the Parties to any generally applicable policy or procedure in the future.

15. **Authority.** Each signatory to this Agreement hereby represents and warrants that he or she has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

16. **Voluntary Execution.** The Parties acknowledge that they have read this Agreement, understand its terms, and have entered into it voluntarily. The Parties acknowledge that they have been given a reasonable period of time within which to consider this Agreement

and its waiver and release of claims. The Parties further acknowledge that they have consulted with their counsel before signing this and entering into this Agreement.

17. **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Agreement. The language in all parts of this Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

19. **Entire Agreement.** This Agreement contains the entire understanding of the Parties and supersedes all previous oral and written agreements; there are no other agreements, representations, or understandings not set forth herein. This Agreement can be modified only by a written agreement signed by the Parties.

20. **Governing Law, Jurisdiction and Venue.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York. Any proceedings related to or arising out of this Agreement shall only be commenced, prosecuted, or continued in a court of competent jurisdiction situated in the State of New York.

21. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

22. **Counterparts/Signatures.** The Parties agree that this Agreement may be executed in counterparts, all of which shall constitute one agreement. The Parties further agree that copies of signatures and electronic signatures shall be sufficient to bind them to this Agreement.

23. **Execution Date**. The execution date of this Agreement is the date the last party

signs this document or counterpart.

24. **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day "So Ordered" by the Court.

**Plaintiffs:**

Date: 08/02/24

_Megan Rothmund (Aug 2, 2024 14:25 EDT)_
Megan Rothmund, on behalf of herself and Turning Point USA at SUNY Cortland

Date: 08/03/24

_Gabriella Delorenzo (Aug 3, 2024 18:05 EDT)_
Gabriella Delorenzo

**Defendants:**

Date: August 1st 2024

Cortland College Student Association
Khyla Diggs President of the Student Government Association at SUNY Cortland

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant
Erik Bitterbaum

Date: _____

By: _____
Adrienne J. Kerwin
Assistant Attorney General
The Capitol
Albany, NY 12224
(518) 776-2608
Adrienne.Kerwin@ag.ny.gov

signs this document or counterpart.

24. **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day "So Ordered" by the Court.

**Plaintiffs:**

Date: _____

_____
Megan Rothmund, on behalf of herself and Turning Point USA at SUNY Cortland

Date: _____

_____
Gabriella Delorenzo

**Defendants:**

Date: __August 1st 2024__

_____
Cortland College Student Association
Khyla Diggs President of the Student Government Association at SUNY Cortland

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant
Erik Bitterbaum

Date: __August 3, 2024__

By: _____
Adrienne J. Kerwin
Assistant Attorney General
The Capitol
Albany, NY 12224
(518) 776-2608
Adrienne.Kerwin@ag.ny.gov

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TURNING POINT USA AT SUNY CORTLAND; GABRIELLA DELORENZO; AND MEGAN ROTHMUND,<br><br>                              *Plaintiffs*,<br><br>           -against-<br><br>CORTLAND COLLEGE STUDENT ASSOCIATION; ERIK BITTERBAUM, in his personal and official capacities as SUNY Cortland President; AND NIKOLAY KARKOV, in his personal and official capacities as SUNY Cortland professor,<br><br>                              *Defendants*. | **AFFIRMATION OF MEDICARE STATUS**<br><br>24-cv-0253<br>MAD/ML |

_____, affirms under penalty of perjury:

1.     I am a Plaintiff in the above-captioned action ("Action").

2.     I submit this affirmation on personal knowledge as the Plaintiff. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.     I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my Medicare status due to the injuries alleged in the Action.

4.     I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am required to:

       a. reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my injuries alleged in the Action; and

       b. use the settlement or judgment proceeds in the Action to pay for my medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5.     I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA and MSP as deemed necessary and/or required by the OAG.

6.  I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

7.  I have been known by the following names (include all alias name[s], and/or former name[s]): _____. I acknowledge that I may be or was identified by this/these name(s) and all these names do, indeed, refer to me.

8.  I consent to OAG verifying my Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA and MSP.

9.  I affirm that:

    a.  My social security number is: _____
    b.  My date of birth is _____
    c.  My gender is _____

## CURRENT MEDICARE STATUS

*Please initial next to the statements below that apply to your current Medicare status.*

10. As of the effective date of the settlement or judgment in the Action:

    a.  _____ I am not currently receiving, nor have I ever received Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage) (hereinafter "Medicare").

**OR**

11. As of the effective date of the settlement or judgment in the Action:

    a.  _____ I am a Medicare beneficiary. My Medicare number is _____. I am aware of my obligation to reimburse Medicare, including any Medicare Part C and Part D Plans, for payments and/or benefits that I received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand that reimbursement directly to Medicare may be made from the proceeds I receive from the settlement or judgment in the Action; and, with respect to

        i.  _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment letter and/or Final Demand Letter regarding Medicare Parts A and B.**

        ii. _____ Medicare (Part C and Part D), if applicable, has confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in

the Action. **Attached is a copy of the Medicare Lien Letter regarding Medicare Part C and Part D, if applicable.**

    iii. _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter regarding Medicare Parts A and B.**

    iv. _____ Medicare (Part C and Part D) has confirmed that it will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of my Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter regarding Medicare Parts C and D, as applicable.**

    v. _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned AAG and to OAG's Medicare Compliance Officer by email at [Medicare.Compliance@ag.ny.gov](mailto:Medicare.Compliance@ag.ny.gov). I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand, I consent to the payment, directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

12. _____ I am an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, and treatment for injuries that are alleged in the action has been provided by or through the Department of Corrections and Community Supervision.

## FUTURE MEDICARE STATUS

*Please initial next to the statements below that apply to your future Medicare status.*

13. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because (check *all* subparagraphs that apply):
        i. _____ I have not applied for social security disability (SSDI):

      ii. _____ I have not been denied SSDI and anticipating appealing that decision;

      iii. _____ I am not in the process of appealing or re-filing for SSDI;

      iv. _____ I am not 62.5 years or older; and

      v. _____ I do not have End Stage Renal Disease (a qualifying condition for Medicare).

**OR**

14. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I do not reasonably expect my current incarceration to end within 30 months.

**OR**

15. As of the effective date of the settlement or judgment in the Action:

    a. _____ I am not a Medicare beneficiary; **however,** I do anticipate that I will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

      i. _____ I do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

      ii. _____ I do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent/s to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

      iii. _____ I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I do not anticipate seeking medical treatment for the injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

16. As of the effective date of the settlement or judgment in the Action:

      a.  _____ I am a Medicare beneficiary; and

          i.  _____ I do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

          ii.  _____ I do require future treatment for the injuries that are alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

          iii.  _____I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged.. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

**OR**

          iv.  _____I am incarcerated by the New York State Department of Correctional Services. I receive my medical care and treatment from the Department of Corrections and Community Supervision. Because I do not reasonably expect my current incarceration to end within 30 months of the effective date of the settlement or judgment in this Action, I have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective date of settlement or judgment in this Action.

I affirm under the penalties of perjury under the laws of New York or under the laws of the United States pursuant to 28 U.S.C. 1746, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: _____, New York

_____
July    , 2024

                                                            _____

[Name]